UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LIFE ALERT EMERGENCY RESPONSE, INC., a California corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>LIFESTATION, INC., a new York Corporation,<br><br>            Defendant. | No.  CV 08-8539 RSWL (CTx)<br><br>[PROPOSED] **STIPULATED PROTECTIVE ORDER**<br><br>**DIRECTED TO DISTRICT JUDGE; NOT LIMITED TO PRETRIAL DISCOVERY**<br><br>Complaint Filed:  December 24, 2008<br>Counterclaim Filed:  April 13, 2009<br>Discovery Cut-Off:  March 1, 2010<br>Final Pretrial Conference:  June 15, 2010<br>Trial Date:  June 29, 2010 |
| AND RELATED COUNTERCLAIMS. | |

Pursuant to the Joint Submission of Proposed Stipulated Protective Order by the parties, plaintiff and counter-defendant Life Alert Emergency Response, Inc. and defendant and counterclaimant LifeStation, Inc., and finding good cause for the entry therefore, IT IS HEREBY ORDERED that all discovery in this action shall be governed by the following terms and conditions:

///

1.     PURPOSES AND LIMITATIONS

1.1    Discovery in this Action

Plaintiff's complaint alleges trademark infringement and false designation of origin under 15 U.S.C. §§ 1114 and 1125(a) and unfair competition under California law.  Plaintiff's claims are based on Defendant's alleged unauthorized use of Plaintiff's trademarks LIFE ALERT, I'VE FALLEN AND I CAN'T GET UP! and HELP, I'VE FALLEN AND I CAN'T GET UP!  Defendants' counterclaims are based on Plaintiff's alleged fraud on the United States Patent Office under 15 U.S.C. §§ 1119-1120, alleged false advertising, false association, and unfair competition under 15 U.S.C. § 1125(a); and alleged unfair business practices under California Business & Professions Code § 17200.  Among other remedies, both Plaintiff and Defendant seek actual damages and disgorgement of profits.

Both Parties are privately held companies who do not disclose their financial data or marketing plans to the public.  In light of the allegations of the complaint and the counterclaims, the Parties' status as privately held companies, and the nature of the remedies sought, the Parties have served discovery requests that call for the production of non-public information that the Parties have maintained as confidential and that contains or constitutes the following:

(a)    business plans, strategic plans, and marketing strategies or plans;

(b)    non-public market research, including market surveys and customer surveys;

(c)    non-public financial and sales data, budgets and projections, and all information relating to revenues, costs, profits, cash flow, assets and liabilities, and reports containing such information;

(d)    customer identities and customer financial information;

(e)    the financial terms of agreements other than sales to the general

public;

(f) descriptions of products or services that have not yet been made available for sale;

(g) licenses, license fees, and license agreements, and co-branding agreements;

(h) non-public descriptions of proprietary technologies or systems;

(i) employment files and information required to be kept confidential under federal, state and local law; or

(j) information required to be kept confidential pursuant to an agreement or understanding with nonparties.

1.2     <u>Risk from Unprotected Disclosure</u>

Such information should be afforded confidential treatment because its disclosure to the Parties' competitors or third parties without restriction would put the producing person at a competitive disadvantage, and/or would violate the privacy or confidentiality rights and interests of third parties, as follows:

Without such protection, disclosure of such information is likely to substantially harm the Parties' economic or competitive positions, as follows:

(a) The Parties will suffer a competitive disadvantage if category 1.1(a) information is available to competitors. Such information is highly confidential commercial information that the Parties have composed for their own private, exclusive use, and that reveal the Parties' confidential competitive strategies, which competitors can use to their advantage.

(b) The Parties will suffer a competitive disadvantage if category 1.1(b) information is available to competitors. Such information is highly confidential commercial information that the Parties have collected or purchased at their own expense for their own private, exclusive use, and reveals the effectiveness or ineffectiveness of the Parties' confidential competitive strategies.

   (c) The Parties will suffer a competitive disadvantage if category 1.1(c) information is available to competitors.  Such information is highly confidential commercial information that reveals the financial performance of the Parties, the success of specific trade practices or particular goods or services, information relevant to pricing decisions, and the specific financial terms of non-public agreements with third parties.

   (d) The Parties will suffer a competitive disadvantage and will risk violating the privacy or confidentiality rights of third parties if required to produce category 1.1(d) information without protection.  The identities of the Parties' customers can be used by competitors.  The Parties have collected their customer identity information at their own expense for their own private, exclusive use.  Disclosure of customer identities or financial information could also violate customers' rights or expectations of privacy or confidentiality.

   (e) The Parties will suffer a competitive disadvantage if category 1.1(e) information is available to competitors.  Information about the specific financial terms of agreements with persons other than customers in the general public (including licensing agreements, vendor agreements, etc.) is highly confidential commercial information and core trade secret information.  Such information reveals the financial terms on which the Parties are willing or have been willing to engage in certain commercial activities, and can be used by competitors or prospective customers or business partners for a competitive or bargaining advantage against the Parties.

   (f) The Parties will suffer a competitive disadvantage if category 1.1(f) information is available to competitors.   Information about unreleased products or services is highly confidential commercial information and core trade secret information, which the Parties have generated at their own

expense for their own private, exclusive use, and which reveals the potential future strategies and product offerings or service offerings of the Parties.

(g)     The Parties will suffer a competitive disadvantage if category 1.1(g) information is available to competitors.  Information about the specific terms of licensing agreements for the use of the Parties' intellectual property or other assets is highly confidential commercial information.  Such information could be used by the Parties' competitors or potential licensees for a competitive or bargaining advantage against the Parties.

(h)     The Parties will suffer a competitive disadvantage if category 1.1(h) information is available to competitors.   Information about proprietary technologies and systems is highly confidential commercial information and core trade secret information, which the Parties have generated at their own expense for their own private, exclusive use, and which reveals the potential future strategies and product offerings or service offerings of the Parties.

(i)     The Parties will suffer a competitive disadvantage and will risk violating the privacy or confidentiality rights of third parties if required to produce category 1.1(i) information without protection.  Such information can be used by other employers competing for the same pool of employee talent.  Disclosure of employee information could also violate employees' rights or expectations of privacy or confidentiality.

(j)     The Parties will suffer a competitive disadvantage and will risk violating the privacy or confidentiality rights of third parties if required to produce category 1.1(j) information without protection.  Unprotected disclosure of such information will disrupt the Parties' relationships with third-parties who expect the Parties to honor their confidentiality obligations or understandings and subject the disclosing party to claims for breach of contract.  Unprotected disclosure of such information will effectively annul the confidentiality rights or expectations that the Parties have bargained for or

established in their commercial dealings with third parties. Disclosure of such information could also violate third parties' rights or expectations of privacy or confidentiality.

Thus, special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation is warranted.

2. <u>DEFINITIONS</u>

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"Confidential" Information or Items</u>: non-public information or tangible things (regardless of how generated, stored or maintained) that the Producing Party has maintained as confidential, that contains or constitutes information from one or more of the categories set forth in Section 1.1(a)-(j) above and that qualify for protection under the standards developed under Fed. R. Civ. P. 26(c).

2.4 <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 <u>Designating Party</u>: a Party or non-party that designates information or

items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential— Attorneys' Eyes Only."

2.8   Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9   Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10   In-house Counsel:  attorneys who are employees of a Party whose position is in-house counsel for that party.

2.11   Counsel (without qualifier):  Outside Counsel and In-house Counsel (as well as their support staffs).

2.12   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.

4.   DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order with respect to any Confidential Information shall

7

remain in effect unless and until (1) the information is lawfully disclosed in either a court filing, court proceeding, or trial; (2) the Designating Party agrees in writing to remove the confidentiality designation; or (3) the Court orders otherwise.

5.  DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order (see, e.g., second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced or promptly redesignated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if inadvertently produced without such designation.

Designation in conformity with this Protective Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom of each page or somewhere else clearly visible

on such page, that contains protected material or otherwise clearly identified as such.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top or bottom of each page, or somewhere else clearly visible on such page, that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

Any documents produced pursuant to Federal Rule of Civil Procedure 45 or other formal legal process by a non-party (including, but not limited to, the Parties' vendors, accountants, agents, customers, business partners, or licensees) will provisionally be treated as though designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY for five (5) court days after production of such

documents to all Parties.  Before the expiration of that period, a Party may designate documents produced by a non-party for protection by providing written notice that identifies the specific documents or portions of documents subject to protection and that specifies the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Within a reasonable time thereafter, and in no event more than ten (10) Court days after the production, the Designating Party shall provide the other Parties with a replacement copy of any affected documents bearing the appropriate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend, in the manner set forth in the first paragraph of this subsection.

(b)     for testimony given in deposition or in other non-public proceedings, the entire testimony will provisionally be treated as though designated "CONFIDENTIAL," provided that within ten (10) court days of receipt of the transcript of such testimony, counsel for the Designating Party must designate in writing the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"), other than portions already designated as such on the record during the testimony.  Only those portions of the testimony that are appropriately designated for protection on the record during the testimony or in writing within the 10 court days shall be covered by the provisions of this Protective Order; blanket designations are not permitted.  If the Receiving Party notifies the Designating Party that it disputes any such designations, and the dispute is not resolved within seven (7) calendar days of the dispute notice, counsel for the designating party must, within ten (10) calendar days thereafter, serve opposing counsel with his or her portion of a joint stipulation and calendar a motion for protective order.  The provisional designation shall remain in effect until such time as the Court rules on the motion for protective order.

(c)     for information produced in some form other than documentary,

and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

(d) In addition to any other claim of privilege from disclosure, the Parties are entitled in good faith to redact or withhold the following categories of information: (i) health information, medical records and medical information pertaining to customers and other non-parties; (ii) customers' and non-parties' social security numbers and personal financial information including bank account numbers and credit card numbers.

5.3 <u>Inadvertent Failures to Designate</u>. If corrected within a reasonable period after discovery by the Producing Party or if the inadvertence is obvious (see e.g., categories of confidential information at Section 1.1(a)-(j)), an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge immediately after the original designation is disclosed. However, any challenge must be initiated by

the later of (a) thirty (30) days prior to the close of discovery, or (b) no more than 10 court days after receiving the Designating Party's designation being challenged.

6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party according to the procedures set forth in Local Rule 37-1, except as specifically set forth here.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances and, if no change in designation is offered, to explain the basis for the chosen designation.  The Designating Party must respond or make itself available to confer with the challenging Party within ten (10) court days.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first, and that process complies with Local Rule 37-1.

6.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be made in compliance with Local Rule 37-2 and its subparts.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  This Protective Order is not intended to alter the standards for protection of confidential information developed under Fed. R. Civ. P. 26(c).  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

///

///

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

Protected Material must be reasonably stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have agreed to be bound and have been provided a copy of this Protective Order.

(b) the officers, directors, and employees (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have agreed to be bound and have been provided a copy of this Protective Order.

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have agreed to be bound and have been provided a copy of this Protective Order.

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors to whom

disclosure is reasonably necessary for this litigation.

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have agreed to be bound and have been provided a copy of this Protective Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g) the author of the document or the original source of the information.

7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have agreed to be bound and have been provided a copy of this Protective Order.

(b) Experts (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have agreed to be bound and have been provided a copy of this Protective Order;

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

(e) the author of the document or the original source of the information.

7.4   Damages Calculations. Outside Counsel for the Parties may discuss bottom-line damages calculations to a designated client representative (for Plaintiff,

its President, Isaac Shepher; and for Defendant, its Chief Financial Officer, Stanley Oppenheim), so long as such disclosure does not include the other Party's underlying sales, profits and other financial data designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and so long as such client representative agrees to be bound by and has been provided a copy of this Protective Order.

### 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than five court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party must also immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burden and the expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

///

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order.

10. <u>FILING PROTECTED MATERIAL</u>

If any documents, things, or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" are included with any papers filed with the Court, the filing party shall (1) redact the 'confidential' or 'highly confidential' information to the extent practicable; or (2) seek to file such papers and materials under seal in the manner set forth in California Central District Local Rule 79-5 or other similar Court rules that may be controlling at the time of the filing of such papers or materials.

11. <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material, except that containing attorney work product or attorney-client privileged communications. The Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any

copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, and all material protected by the attorney-client privilege and attorney work product doctrine, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

### 12.    MISCELLANEOUS

12.1    <u>Right to Further Relief</u>.  Nothing in this Protective Order abridges the right of any person to seek additional relief by the Court in the future to require greater or lesser protection than provided by this Protective Order.

12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    <u>Enforcement</u>.  The Parties agree that their obligations set forth pursuant to this Order must be undertaken in good faith and should there be any challenges before the Court in relation to any such obligations, the losing party in any such Court challenge may be subject to sanctions, pursuant to the standards under Fed. R. Civ. P. 37.

### 13.    MODIFICATIONS BY COURT

13.1    The Court may modify any provision of this Protective Order by order *sua sponte* in the interest of justice.

///
///
///

1       13.2   This Protective Order is subject to further court orders based upon public policy and other considerations.

**IT IS SO ORDERED.**

Dated:  August 26, 2009

/ S /
_____
HONORABLE RONALD S.W. LEW
Senior, U.S. District Court Judge